1323. TURNER *et al. v.* MUTUAL LIFE INDUSTRIAL AS-
SOCIATION OF GEORGIA.

The evidence would have authorized the inference that the forfeiture arising from the non-payment of assessments had been waived by the insurance company; but a verdict in favor of the plaintiff was not demanded, inasmuch as there is no evidence to show that the company waived the forfeiture arising from the non-payment of the annual dues.

Action on insurance policy, from city court of LaGrange—Judge Harwell. June 24, 1908.

Argued November 11, 1908.—Decided July 31, 1909.

*A. H. Thompson,* for plaintiffs.

*F. M. Longley, M. U. Mooty,* for defendant.

RUSSELL, J. This was a suit on an insurance policy. The policy provided that it should be forfeited either for non-payment of assessments, or for non-payment of annual dues. Under the plan shown by the policy and the constitution and by-laws of the company, it was a mutual-benefit insurance company. The home office was located at Athens. In each county associations were organized of one thousand members each, and whenever a member of a county association died, the secretary and treasurer of the county association would levy an assessment of $1.15 on each member of the association in the county; and this measured the amount of the recovery. It was also provided that each policy-holder should pay to the home company annual dues of $1.50. As already stated, a failure to pay an assessment within thirty days after notice, or a failure to pay the annual dues, ipso facto avoided the policy. The policy further provided: "No alteration or waiver of any requirements or power to change. or modify this contract exists or shall be valid unless in writing and signed by the president, or

secretary and treasurer of the home office." The by-laws of the company provided: "In no event shall a receipt from a local secretary and treasurer [of a county association] to a delinquent member for money received or remitted revive any policy." It was undisputed that the insured had failed to pay two assessments (the 7th and 8th) and also his annual dues for one year, and that these were unpaid at the time of his death. The insured, however, at the request of the local secretary and treasurer, subsequently, while sick, paid the 9th assessment. The home company had no knowledge of this payment. It was deposited in the bank by the local secretary and treasurer, to the order of the insurance company, and was not tendered to the assured until after the commencement of the suit. The assured claim that this amounted to a waiver of the forfeiture of the policy. The cases relied upon are not in point, since they refer to instances where the home office, or some agent in its behalf, has done something which would amount to a waiver of the forfeiture. In this case it does not appear that the home office in any manner ever waived the forfeiture arising from non-payment of the annual dues. The policy provides that non-payment of these dues, ipso facto, without any affirmative action on the part of the company, cancels and forfeits the policy. The by-laws specially provide that the receipt of money by the local secretary and treasurer shall not revive the policy. While it is true that forfeitures are not favored, and that any circumstance showing a waiver thereof will be seized upon by the courts, at the same time it must be remembered that waiver is based primarily upon knowledge. Before the company should be held to a waiver, it must appear that the company, or some one who represented it, had knowledge of the circumstance relied upon as showing the waiver. The evidence in this case is undisputed that the home office had no knowledge or notice of the receipt of the 9th assessment by the local secretary and treasurer; and while this might amount to a waiver of the forfeiture arising from non-payment of the assessments levied to pay local claims, we are unable to see how it could amount to a waiver of the forfeiture arising from the non-payment of the annual dues. For this reason the verdict in favor of the insurance company is amply supported, and there is no reason for granting a new trial.

The exceptions to the refusal of the judge to allow the plaintiff

to show that proofs of death had been submitted at the instance
and request of the company are not in proper form, inasmuch as
it does not appear that the movant stated to the judge that he
expected the witnesses to testify to the facts which he stated in a
general way he intended to prove.          *Judgment affirmed.*